MARVIN, J.
I dissent. I do not quarrel with the district attorney’s discretion as to whether or not to initiate prosecutions of public offenses, but once a case has been initiated, he should complete the prosecution. Otherwise, there is the inescapable conclusion that the court is, or at least appears to be, both the prosecutor and the court, rather than being impartial. The people of this country have fought hard against a police state. Their success should not be erased by elimination of an adversary trial.
*Supp. 6 Government Code section 26500 states: “The district attorney is the public prosecutor, except as otherwise provided by law. [fl] The public prosecutor shall attend the courts and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses.” The term “public offenses” includes infractions. (Pen. Code, §§ 15, 16.)
The district attorney seeks to justify his position with a committee report for the Assembly Committee on Criminal Justice. Assuming arguendo that it is proper to even consider such a report, it is quite clear that this is an interpretation by such committee, it is not binding upon the courts, particularly where such interpretation is illogical and does not address the concerns indicated in this opinion. The logical interpretation of the discretionary language in Government Code section 26500 is that it pertains only to the word “initiate” and not the word “conduct.” After all, once filed, the power to dismiss a case passes from the prosecutor to the court. (Pen. Code, § 1385.)
The officer cannot “conduct” the prosecution, nor can the officer be considered the representative of the People. The officer here recognized that he was a witness, not the prosecutor. Otherwise, the officer would be practicing law without a license.
Other than the officer who appears as a witness, who decides to subpoena and call other witnesses on behalf of the People? The court? Witnesses for the prosecution, including any victims, are not parties, and the action is not brought in their interests as individuals or on their behalf. (People v. Municipal Court (1972) 27 Cal.App.3d 193 [103 Cal.Rptr. 645].) The “People” are a body politic and can no more appear in propria persona than can a corporation.
While there is not any restriction upon courts asking appropriate questions of any witnesses, the nonappearance of the district attorney to conduct and prosecute the case can place the court in the position of advocating, or appearing to advocate, for the prosecution. The unilateral decision of the district attorney to transfer prosecution to the court raises serious ethical questions for the traffic judge because even the appearance of impropriety in the conduct of trials is prohibited. (Code of Jud. Conduct, canon 2; Fremont Indemnity Co. v. Workers’ Comp. Appeals Bd. (1984) 153 Cal.App.3d 965, 974 [200 Cal.Rptr. 762].)
The district attorney’s argument that he should allocate his manpower and resources to the “prosecution of cases more serious than traffic infractions” will undoubtedly be less than an inspiration to the traffic judge. *Supp. 7 Actually, traffic court is one of our most important venues. To a large part of our population, this will be their only contact with the justice system. They are certainly going to wonder what happened to the impartial, blind Miss Justice and the doctrine of separation of powers.
Moreover, the previous practice of allowing certified interns and new attorneys to conduct the prosecution of traffic cases eliminated all of these concerns and provided a training ground for prosecutors to become proficient in the prosecution of cases in all courts. Many renowned attorneys and judges had their humble beginnings there.
The dated authorities cited by the district attorney have not given full consideration of the reasons expressed herein. I would reverse and remand this case for retrial on this sole ground. All other grounds do not have merit.